IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00890-PAB

AKIN RICKETTS and
IFEOMA RICKETTS,

    Plaintiffs,

v.

ESTATE OF JAKE WHITTING,

    Defendant.

---

# ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on plaintiffs' complaint [Docket No. 1]. Plaintiffs state that this Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 8.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently averred are insufficient to establish the parties' citizenship for purposes of diversity jurisdiction.

In their complaint, plaintiffs allege that "defendant Estate of (decedent) Jake Whitting was formed in Jefferson County, Colorado" and that plaintiffs "reside in Nigeria." Docket No. 1 at 1-2, ¶¶ 1, 6. However, these allegations are insufficient to establish diversity for two reasons. First, domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with

'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Accordingly, the residency of plaintiffs is not relevant for purposes of establishing diversity. Second, the allegations fail to establish the citizenship of defendant, which is the citizenship of Jake Whitting at the time of his death. *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1327 n.2 (11th Cir. 2010) ("Where an estate is a party, . . . the citizenship that counts for diversity purposes is that of the decedent."); *Federated Ins. Co. v. Estate of Hale*, 2005 WL 670471, at *1 (S.D. Ind. Mar. 22, 2005) (stating that citizenship of estate should be "the citizenship of [the decedent] at the time of his death"); *Estate of Murray v. Prudential Secs. Inc.*, 1993 WL 408333, at *3 (D. Kan. Oct. 6, 1993) (stating that citizenship of decedent was "attributed" to his estate under 28 U.S.C. § 1332(c)(2)).

Because plaintiffs' allegations are presently insufficient to enable the Court to determine the citizenship of the parties or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted), it is

**ORDERED** that, on or before **5:00 p.m.** on **April 27, 2018**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED April 18, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge